*W. R. Smith, W. D. Buie,* contra.

---

### 10698.   PACIFIC MUTUAL LIFE INSURANCE CO. *v.* MELDRIM.

The allegations of the plaintiff's petition as amended, as to the cause of the death of the insured, stated a cause of action, under the terms of the accident policy sued on, and the trial judge did not err in over-ruling the general demurrer.

DECIDED NOVEMBER 19, 1919.

Action on insurance policy; from Chatham superior court— Judge Meldrim.  May 13, 1919.

*Saussy & Saussy,* for plaintiff in error, cited: 19 *Ga. App.* 127; 151 N. W. 479; 146 Fed. 396, s. c. 149 Fed. 198; 69 So. 64; 1 Corpus Juris, 426; 198 S. W. 1163; Cornelius on Accidental Means, 8; 34 Conn. 574; 8 Bissell, 362 (Fed. Cas. No. 8682); 75 Fed. 244; 78 Fed. 285; 158 Fed. 1 (aff'g 143 Fed. 651); 190 Fed. 258; 213 Fed. 595; 193 Ala. 90 (69 So. 64); 156 Pac. 1029; 96 *Ga.* 818; 166 Ill. App. 38; 42 Ind. App. 483 (85 N. E. 1032); 106 Iowa, 281 (76 N. W. 683); 107 Iowa, 538 (78 N. W. 252); 118 Iowa, 436 (92 N. W. 53); 153 Iowa, 118 (133 N. W. 752); 152 N. W. 617; 219 Mass. 147 (106 N. E. 607); 85 Miss. 31 (37 So. 461); 83 N. Y. Sup. 238, aff'd, 180 N. Y. 514; 87 N. Y. Sup. 640; 91 Ohio, 155 (110 N. E. 475); 133 Tenn. 672 (182 S. W. 252); 29 Scot. Law Rpr. 303; 1 King's Bench (1905), 387; 100 *Ga.* 46.

*Osborne, Lawrence & Abrahams,* contra, cited: 1 Corpus Juris, 425; Vance, Ins., art. 570; 116 *Ga.* 121.

SMITH, J.   This was a suit upon a policy of insurance which covered "bodily injury sustained during the term of this policy through accidental means  .  .  resulting directly, independently, and exclusively of all other causes in death."  The material allegations of the petition are as follows: "Deceased was attacked with

appendicitis December 9th, 1916. He was operated upon, upon the same day. Deceased recovered from the disease of appendicitis and the operation therefor at 6:30 p. m. December 18th;" that "on the 20th day of December, 1916, plaintiff [the deceased] having a wound in his side caused by an operation for appendicitis from which he had fully recovered, an embolus from some accidental cause became attached to the wound, and said embolus, from accidental means, independently and exclusively of all other causes, was separated from said wound and was projected through the veins of the body of deceased to his heart and killed him almost immediately. An embolus is an infinitesimal particle of foreign matter. It may come from an infinitestimally small blood clot which hardens and accidentally escapes or resists antiseptics. Plaintiff [deceased] charges that an embolus lodged upon the surface of the wound, floating through the air lodged upon the wound. This embolus escaped or resisted the antiseptics. While lying in bed propped up on pillows deceased slipped off the pillows, and the head of deceased dropped suddenly off the pillows, and the jar of the body of the insured, incident to this fall, separated the embolus from its lodgment on the surface of the wound, and was taken up by the blood projected through the veins to the heart, and caused the death of the insured. Insured was a strong muscular man. He was strong and in normal condition. The lodgment or formation of an embolus in a wound is a rare and unusual occurrence, is the result of a chance and not to be expected. When an embolus becomes detached from a wound it is a most rare and unusual occurrence for it to be taken up by the blood and projected through the veins to the heart. Such an occurrence is so rare as not to be reasonably anticipated." It was further alleged that "the disease of appendicitis, from which the insured was suffering, did not contribute to the death of the insured, and had no connection therewith, other than that the wound in his body for the purpose of amputating the appendix had not healed up, and it was upon the surface of the wound that the embolus lodged and formed, and from which it was projected into the heart." The defendant filed a demurrer to the petition as amended, which was overruled, and it excepted. The determination of the case depends upon whether or not the facts quoted from the plaintiff's petition make out a case of accident within the meaning of the accident policy sued upon, sufficient to withstand a general demurrer.

Able counsel for the insurance company contend that the insured's death was not, under the allegation of the petition, brought about through "accidental means," and that even if the insured did suffer an accident his death did not result "directly, independently and exclusively of all other causes of death," but that his death was caused by the disease of appendicitis with which he was afflicted, and the means taken for his relief,—the operation. To us the fact that the petition shows that the wound caused by the operation upon the insured had not completely healed, which may or may not have contributed to the death of the insured, would not necessarily render the petition subject to general demurrer, and this is true although it is stipulated in the contract of insurance that the insurer would only be liable when death was caused by accidental means resulting directly, independently and exclusively of all other causes. The fact that the insured had suffered an attack of appendicitis, been operated upon, and the wound had not healed, and that his death might or might not have resulted therefrom independently and exclusively of the alleged accident, is immaterial, the true question in the case being whether or not he would have died at the time that he did die if it had not been for the accident alleged to have occurred; and in view of the allegations contained in the petition, this is a question for determination by a jury. In other words, we think the circumstances alleged in the petition were sufficient to withstand a general demurrer, and the trial judge did not err in so holding. The question of proximate cause is purely a jury question. Of course had the petition showed conclusively that the facts alleged to be an accident were insufficient to bring them within the meaning of that term, it would have been subject to general demurrer, since the policy sued upon was an accident policy. In this connection it will be recalled that the petition alleged that the insured, "while lying in bed propped up on pillows, . . *slipped* off the pillows, and the head of deceased dropped suddenly off the pillows, and the jar of the body of the insured, incident to this *fall,* separated the embolus from its lodgment on the surface of the wound, and was taken up by the blood projected through the veins to the heart." This allegation precludes us from saying as a matter of law that an accident was not alleged. "The terms 'accident' and 'accidental,' as used in insurance policies covering accidental death, or injuries

by accident or accidental means, are presumed to be employed in their ordinary and popular sense as meaning happening by chance; unexpectedly taking place; not according to the usual course of things; or not as expected; an event which takes place without the foresight or expectation of the person acted upon or affected by the event. . . An event happening without any human agency, an event whch, under the circumstances, is unusual and not expected to the person to whom it happens." 1 Corpus Juris, 425. See also *Atlanta Acc. Asso.* v. *Alexander,* 104 *Ga.* 709 (30 S. E. 939, 42 L. R. A. 188), in which it was held that where a blacksmith, a hale and hearty man, in striking a slanting blow with a sledge-hammer, suddenly felt a severe pain in the lower part of his abdomen which proved to be a rupture, producing hernia, his death was caused by accidental means. See also in this connection the case of Fetter *v.* Fidelity Ins. Co., 174 Mo. 256 (61 L. R. A. 459, 73 S. W. 592, 97 Am. St. R. 560). The Supreme Court and this court have, we think, decided the principle controlling the case under consideration, since both courts have announced the doctrine not only that the disease from which the insured suffered must have been a substantial contributing cause to the injury, but that liability is not defeated merely because the existence of the disease aggravated or rendered more serious the consequences of the accident. See *Thornton* v. *Travelers Ins. Co.,* 116 *Ga.* 121 (42 S. E. 287, 94 Am. St. R. 99), and *Hall* v. *General Accident Assurance Corp.,* 16 *Ga. App.* 66, 74 (85 S. E. 600). In the *Thornton* case, supra, Mr. Justice Cobb, speaking for the Supreme Court, says: "To illustrate: If a policy-holder should have a serious and long continued illness, such as a fever of some nature, and while recovering therefrom, and in a condition unable to resist successfully any serious shock, should receive a blow upon the head from falling plastering, from which death ultimately, though not immediately, resulted, the proximate cause of the death would be, not the fever, but the blow from the plastering, although death might not have resulted but for the debilitated condition of the injured person resulting from the fever. In such a case the immediate cause of the death was the blow on the head, though the consequences might be the result of the disease from which he suffered. In order to defeat a recovery under such a clause it must be shown that the disease was the substantial cause

of the injury, and the mere fact that the disease may aggravate the consequences of the injury and make them more serious than they would have been otherwise does not bring the case within the exception stated in the policy." While this is of course obiter dictum, we are satisfied it states a correct principle of law. In the *Hall* case, supra, which was based upon the ruling made in the *Thornton* case, supra, this court held: "Where an old man, large and heavy, and suffering from an incurable chronic affection of the kidneys, slipped and fell in a heap while endeavoring to step down from a sidewalk into the street, with the apparent intention of crossing the street diagonally, and death resulted in a few days thereafter, . . the insurer is not necessarily relieved from liability upon its contract because the death may only have been accelerated by the fall; nor is the insurer relieved even if the chronic malady from which the insured suffered may have contributed to cause his death; for if the fall was the sole proximate cause of the death, it would be immaterial that the physical condition of the insured aggravated his injury or hastened his death."

In conclusion the insurer contends that even if the insured's death was caused by accidental means, it did not result "directly, independently and exclusively of all other causes in death." It is a settled rule that policies of insurance are to be construed most liberally in favor of the insured and most strongly against the insurer. *Massachusetts Benefit Life Asso.* v. *Robinson*, 104 *Ga.* 256 (2) 277 (30 S. E. 918, 42 L. R. A. 261). If the contention of the insurer in this particular is correct, or if the contract in this case is given an absolute literal meaning, the clause "resulted directly, independently and exclusively of all other causes," would mean nothing to the insured, with the result that the writing was no contract at all, for, as was said by Russell, C. J., in the *Hall* case, supra, "To hold in any case that a contract which stipulates that the loss for death should be payable only when the loss results solely and exclusively from an injury, would be to hold that death must, in every case, be instantaneous and the immediate effect of the injury in question, for it is a matter of common knowledge that almost every human being has some weak spot in his organisms which might to a larger or smaller degree contribute to bring about death in a particular way in that particular case, although another person under the same circumstances might not have died. Except

in case of a human being who is in perfect health, or unless the death is instantaneous, death never supervenes when it cannot be said that there was perhaps more than one cause which contributed to the fatality.   If a company which writes accident insurance insures one who is suffering from a number of maladies against loss of life solely and exclusively due to the accident, and an accident happens which perhaps would not have caused the death of a normally healthy person and yet which, by precipitating the baneful effects of the maladies, shortens the life of the person in question by any appreciable length of time, no matter how short, the injury, as the underlying essential proximate cause, must at last be said to have produced the result which otherwise would not have happened at the time and place at which it occurred."   See also Driskell *v.* U. S. Health & Accident Ins. Co., 117 Mo. App. 362 (93 S. W. 880).

As suggested above, we are constrained to hold that the petition set out a cause of action, and the trial judge did not err in overruling the demurrer.

*Judgment affirmed.    Stephens, J., concurs.    Jenkins, P. J., dissents.*

JENKINS, P. J., dissenting.   The writer has been unable to satisfy himself that the conclusion reached by the majority of the court on the difficult question presented by this case is the correct one.   If, under the statements contained in the petition, the proximate cause of the death can properly be taken to be the involuntary slipping by the insured from his pillow while lying in bed, then the mere fact that the dangerous open wound caused by the previous operation for appendicitis might have accelerated or even contributed to the fatal *effect* of such an accident would not preclude a recovery.   In the *Hall* case, cited in the opinion, this court held that where the death of the insured had resulted from a fall upon a street pavement, the mere fact that the decedent was already afflicted with an incurable malady which would necessarily and within a short time have terminated his life would not furnish a valid reason why the insuring company would not be liable for his death, when actually brought about by such accidental cause, even though the antecedent disease might not only have accelerated but even contributed to the death.   The Supreme Court decided the *Thornton* case, also cited in the opinion, on this same theory.   The

doctrine thus recognized both by the Supreme Court and by this court would seem to be that under the terms of such an accident-insurance policy, the mere fact that the *effect* of an accidental injury may have been aggravated or contributed to by the existence of an antecedent disease does not preclude a recovery when it appears that such effect, however else it may have been *influenced,* was nevertheless actually brought about by an accident as its sole and proximate *cause.* In other words, the course of an event may be affected by superinducing agencies so as to alter the final actual result, without displacing as the real and moving cause the act or thing which put the incident into operation. The policy in the instant case insured the decedent against bodily injury sustained from accidental means, and such accidental means must constitute, in the sense already indicated, the direct, independent, and exclusive cause of death. Thus, if the dropping of the head of the decedent from his pillow could be properly accounted an independent accident within the meaning of the policy, and the effect of the antecedent disease and of the operation for its cure could be taken as merely aggravating the *effect* of such independent accidental injury, there would seem to be no reason why a recovery could not be had under the policy. But could this be true in a case where the accident is not independent of the disease, but where the alleged incident, in order to be treated as an accident at all, must be taken and considered in connection with the disease as furnishing the sole, direct, and moving cause from which it must have originated? Just as it would not do to say that an accident ceases to be the sole and exclusive cause of death within the meaning of the policy simply because the course of events set in operation by the accident may be subsequently influenced, and the final result contributed to, by superinducing agencies, just so it certainly would not do to say that because the happening of the accident might itself have been influenced or contributed to by an antecedent disease, then and for that reason the accident can not be accounted as independent within the meaning of the policy. However, it is a different thing for the disease to aggravate or affect an independent injury caused by an accident, and it is also a different thing for the happening of an independent accident to be influenced or contributed to by an antecedent disease, from a case where the alleged incident amounts to nothing at all except

in so far as it results from and relates to the disease. Under the pleadings in the case at bar it would seem that, after all, the wound necessarily caused the death, for the reason that the wound furnished the sole and direct basis of the accident, since without the wound the mere slipping of the decedent from his pillow, even though involuntary, could not by any stretch of the imagination be accounted an accident at all within the meaning of the policy. If the policy had been written to insure in case of death from appendicitis, or an operation incident thereto, it surely could not possibly be said that the incident alleged as the accident in this case would amount to such an independent, intervening cause as would prevent a recovery in such a case as that; and if this be true, it necessarily follows that the incident set forth is only such an occurrence as would ordinarily be likely to happen in the natural course of events. To the writer it thus appears from all of the allegations of the petition that the real and proximate cause of the insured's death must necessarily have been the dangerous open wound left by the operation for appendicitis, and that death resulted from such wound in the natural course of events without the intervention of any *independent accident* within the meaning of the policy; this being true for the reason that the disease could not be accounted as merely contributory to the effect of the accident, there being nothing whatever for it to contribute to—there being no accident, except as it was directly and solely dependent upon the disease to make it so.