25680. BANKERS HEALTH AND LIFE INSURANCE COMPANY *v.* SMITH.

DECIDED NOVEMBER 14, 1936.

*Turpin & Lane,* for plaintiff in error.

*Herschel E. Smith,* contra.

STEPHENS, J.   Mrs. Anna Smith, the beneficiary in a life-insurance policy issued to her son, Eugene Brown, brought suit against the Bankers Health & Life Insurance Company to recover $231 alleged in the petition to be due the plaintiff as double indemnity for the death of the insured "as a result of bodily injuries sustained solely through violent, external and accidental means," the insurance company having paid the amount of $231, the face value of the policy for the death of the insured, without prejudice. The petition further alleged that the insured came to his death as a result of having been run over by an automobile or motor truck near Bartow, Georgia, late on a cold, damp night; that the insured was knocked unconscious and thrown in a ditch to the side of the road where he remained for several hours until discovered and taken to a hospital where he later developed pneumonia from which he died within a few days; that immediately prior to the accident the insured was free from all disease; that, as a result

of the accident, he suffered a compound communited fracture of the left femur; that the insured's contracting pneumonia and his subsequent death therefrom were solely the result of exposure, and traumatism brought about by the accident, and that the plaintiff, having complied with all the conditions of the policy, was entitled to judgment against the insurance company. A copy of the policy was attached to the petition. It appears from it that the company would be relieved from liability for the payment of double indemnity for accidental death if the death of the insured "is caused or contributed to, directly or indirectly, or wholly or partially, by disease." The company demurred to the petition generally on the ground that it failed to set out a cause of action. The court overruled the demurrer, and the case comes to this court on exceptions to that judgment.

It is contended by the insurance company that it appears from the petition that the death of the insured was caused or contributed to, by pneumonia, which is a disease, and that as the policy prevents a recovery where the death is caused by, or is contributed to, either wholly or partially by disease, there appears no right of recovery. From the allegations in the petition, it appears that the insured, the person injured, was entirely well and free from disease at the time of the accident and that the pneumonia, which was the immediate cause of his death, was the direct and proximate result of the accident. The disease itself, just as the compound fracture of the femur, was the direct result of the accident. Where a disease is the direct result of an accident, the death which results from the disease is the direct and proximate result of the accident. Had the injured person been instantly killed, his death would have been directly and proximately caused by the accident. The mere fact that the accident did not directly and immediately cause the death, but directly caused the disease, pneumonia, which caused the death, does not necessarily break the causal connection between the accident and the death. Otherwise the death of the insured would have to occur instantly or immediately after the accident. It is hardly conceivable that a death occurring at an appreciable interval of time after the accident would not in some manner be contributed to by a disease. In Freeman v. Mercantile Mutual Accident Asso., 156 Mass. 351 (30 N. E. 1013, 17 L. R. A. 753), in construing a provision in an insurance policy against

death by accident, that there could be no liability where death "occurs in consequence of disease," it was held that this provision of the policy did not prevent a recovery where the disease which caused the death was the direct and proximate result of the accident. In that case it appears that the insured died of peritonitis which was induced by a fall. The court stated: "The principal question in the case is, what kind of cause is to be deemed proximate within the meaning of the policy? Where different forces and conditions concur in producing a result, it is often difficult to determine which is properly to be considered the cause, and, in dealing with such cases, the maxim, causa proxima non remota spectatur, is applied. But this does not mean that the cause or condition which is nearest in time or space to the result is necessarily to be deemed the proximate cause. It means that the law will not go farther back in the line of causation than to find the active, efficient, procuring cause, of which the event under consideration is a natural and probable consequence, in view of the existing circumstances and conditions. The law does not consider the cause of causes beyond seeking the efficient predominant cause, which, following it no farther than those consequences that might have been anticipated as not unlikely to result from it, has produced the effect. An injury which might naturally produce death, in a person of a certain temperament or state of health, is the cause of his death, if he dies by reason of it, even if he would not have died if his temperament or previous health had been different; and this is so, as well when death comes through the medium of a disease directly induced by the injury, as when the injury immediately interrupts the vital processes." See also Massachusetts Protective Asso. *v.* Lewis, 72 Fed. (2d) 952.

Under the criminal law, the person who inflicted the accidental injury, could, in so far as the disease is a factor, have been convicted of murder. The intervention of the disease would not have broken the causal connection between the original act which caused the injury and the insured's death. See *Clements* v. *State,* 141 *Ga.* 667 (81 S. E. 1117), where it was held: "If one wilfully and with malice aforethought unlawfully shoot another with a pistol, inflicting a wound which, though not necessarily mortal, is the primary cause of the disease which brings about the death of the wounded person, he is guilty of murder." This provision of the

policy which denies liability where the accidental death of the insured "is caused or contributed to, directly or indirectly, or wholly or partially, by disease," must be construed as denying liability only where the disease proximately contributes to or causes the death. Liability is not denied under this clause of the policy where the accidental injury is the direct cause of the disease which afterwards caused the death. The intervention of the disease between the injury and the death, where the disease is directly caused by the injury, does not break the proximately causal connection between the injury and the death. From the allegations of the petition in the case now before the court, it appears that the proximate cause of the death of the insured was not pneumonia, but the accident which brought about the insured's exposure to the weather and which caused the traumatic condition which produced the pneumonia. If the accident was the proximate cause of the insured's death, pneumonia did not cause the death, or contribute to the death, in the sense of the provision in the policy which prevents liability if the death of the insured, which results from an accident, "is caused or contributed to" by disease. The petition set out a cause of action and the court did not err in overruling the demurrer.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., concurs in the judgment.*