29241.   JOHNSON *et al. v.* ÆTNA LIFE INSURANCE COMPANY.

DECIDED FEBRUARY 17, 1942.

*Dotson & Dotson, Thomas L. Slappey,* for plaintiffs.
*Bryan, Middlebrooks & Carter,* for defendant.

FELTON, J.   The beneficiaries named in a life-insurance policy. issued to their father sued the Ætna Life Insurance Company to recover $2500 under the double-indemnity provisions of the policy. The jury found for the defendant and the plaintiffs except to the overruling of their motion for new trial.

1.   The provision of the policy as to the double indemnity is as follows: "If the death of the insured occurs . . and such death results directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means . . and if such death does not result . . directly or indirectly from disease in any form, then the company

will pay a sum equal to the sum described in this policy as the sum insured in addition thereto." The defendant contended that at the time the insured fell and was injured he was suffering from a serious disease which resulted in partial paralysis, lack of muscular co-ordination, and inability to use his legs and walk without assistance, and that the fall and injury were directly caused by the disease and that the disease materially contributed to the death. There was an abundance of testimony supporting these contentions and the jury was authorized to so find. The cases cited by plaintiffs in error are all distinguishable from this case. In those, the provisions of the policies were different, or the injury was not directly caused by the disease. This case is clearly distinguishable from the line of cases which hold that an insurance company is not relieved from liability where there is an accidental injury which produces a disease and which disease contributes to the death. In the instant case the jury was authorized to find that the disease caused the injury, and that death would not have resulted but for the disease, either or both. Either finding supported the verdict for the defendant.

2. The grounds of the amended motion assigning error on rulings on the admission of testimony do not show error.

3. The court did not err in charging the jury as follows: "If the deceased suffered an accident, but at the time he sustained it he was already suffering from a disease or bodily infirmity, and if the accident would not have caused his death if he had not been affected by the disease or infirmity, but he died because the accident aggravated the disease, or the disease aggravated the effects of the accident, the company would not be liable for double indemnity." *Hall* v. *General Accident Insurance Cor.*, 16 *Ga. App.* 66 (85 S. E. 600); *Thornton* v. *Travelers Insurance Co.*, 116 *Ga.* 121, 127 (42 S. E. 287, 94 Am. St. R. 99).

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*