37454. RESERVE LIFE INSURANCE COMPANY *v.* POOLE.

DECIDED JANUARY 28, 1959—REHEARING DENIED FEBRUARY 12, 1959.

*Joe Bailey Humphreys, Guy Tyler, Marvin O'Neal, Jr.,* for plaintiff in error.

*Poole, Pearce & Hall, Ed Pearce, John S. Patton,* contra.

CARLISLE, Judge. ■ The four portions of the charge complained of sought to define "total disability" within the meaning of the policy. The kind of disability insured against was defined in the insuring agreements of the policy as that which disabled "the insured from performing each and every duty pertaining to his business or occupation." This term, "business or occupation," is not ambiguous, and the court should have simply instructed the jury that, if they found from the evidence that the plaintiff was disabled from performing each and every duty of his business or occupation, a recovery would be authorized. Furthermore, the evidence demanded a finding that the plaintiff's principal employment was that of a railway mail clerk and that as to that employment he was totally disabled from performing any of his duties. It follows that as to this question the verdict was demanded, and that any error in the charge of the court in this connection was harmless and will not require a reversal of the case. *Grady County* v. *Banker,* 81 *Ga. App.* 701 (5) (59 S. E. 2d 732).

■ The defendant admitted that the contract of insurance sued on was in full force and effect at the time of the accident. Under the heading "Conditions Not Covered", the policy provided that it did not cover any disability while the insured was not continuously under the professional care and regular attendance at least once in seven days of a legally licensed physician or surgeon other than himself. It is contended in connection with the general grounds that the evidence did not authorize the verdict for the plaintiff because it shows affirmatively that the plaintiff had not been under the care and regular attendance once in each seven days of a legally licensed physician or surgeon. The medical testimony showed, and the jury were authorized to find, that the plaintiff suffered a sacroiliac sprain, which, as previously stated, aggravated a pre-existing arthritic condition causing pain and discomfort such as to disable him and prevent him from performing the duties of his occupation of railway mail clerk. The evidence further showed that the plaintiff had suf-

fered with a cardiac condition for some years prior to the date of this injury, and that while the pain and discomfort as a result of the sacroiliac sprain could perhaps have been relieved by an operation, due to the cardiac condition, he had been advised by his doctor not to undergo an operation, and that as a consequence of these factors, the injury was permanent and the pain and suffering and discomfort were things he would just have to live with for the rest of his life, and that there was nothing medically that could be done to improve his condition. Under these circumstances, it would have been futile and a useless thing for him to have gone regularly to a doctor's office or to have had a doctor call upon him at home only to tell him each week that nothing further could be done for his condition. For these reasons, an insistence upon a literal compliance with the above stated clause of the policy would be unreasonable and where the evidence otherwise shows without contradiction the injuries and resultant disability, this clause will not be enforced. National Life Ins. Co. *v.* Patrick, 28 Ohio App. 267 (162 N. E. 680); Hunter *v.* Federal Casualty Co., 191 N. Y. Supp. 474 (2).

■ One further contention of the defendant in connection with the general grounds is that, since the evidence showed that the plaintiff had a pre-existing arthritic condition and this condition may have made the consequences of his injury more severe, the requirement of the policy that the loss of time result "directly and independently of all other causes from accidental bodily injury" was not met, and, therefore, the evidence did not authorize the verdict for the plaintiff. While the evidence did show that the plaintiff had a pre-existing arthritic condition, the evidence further showed that this condition was not active and was not causing him any disability prior to the injury. Paraphrasing Judge Cobb in *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 121, 125 (42 S. E. 287, 94 Am. St. Rep. 99), the true test to be applied in order to determine whether there is liability under the policy of insurance in this case is whether the condition of the insured, in having at the time of the accident a latent arthritic condition, directly contributed to the accident in whole or in part. If it did so, the defendant would not be liable.

On the other hand, if the plaintiff's physical condition was

such that while he was in some respects in less robust health than another man of his age might have been so that he was more susceptible to disability on account of the injury which he received as a result of the accident, though another man not suffering from a similar weakness would not ordinarily have suffered a disability as a result of such an accident, he may, nevertheless, recover.

The evidence showed, however, that the existence of arthritis in the plaintiff's spine did not contribute to his injury, but that it merely, if anything, aggravated the consequences of the injury, and this being so, a verdict for the plaintiff was authorized. This point has been decided adversely to the contentions of the defendant by the courts of this State on numerous occasions, and it is necessary to cite but a few of the cases wherein the interested reader may find the law clearly stated. *Hall* v. *General Accident &c. Corp.*, 16 *Ga. App.* 66 (85 S. E. 600); *Life & Casualty Ins. Co.* v. *Brown*, 95 *Ga. App.* 354 (98 S. E. 2d 68).

The court did not err in overruling the motion for a new trial on the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*