### 41126. COOK v. LIFE INSURANCE COMPANY OF GEORGIA.

PANNELL, Judge. Plaintiff brought suit seeking recovery for the death of her husband upon an accident policy insuring against death "as a direct result of, and independently of all other causes from, bodily injuries sustained . . . solely through external, violent and accidental means, and evidenced by a visible contusion or wound on the exterior of the body . . ."

The exclusion clauses were not pertinent to the issue here. The evidence shows, without dispute, that the deceased fell on his head into a five or six-foot ditch with a rock bottom, from which fall he received a cut on his head, necessitating two stitches; that immediately prior to falling he dropped his shovel, his hands and arms were limp at his side, his head dropped forward, and he fell back and to the side into the open ditch with his arms lax, making no attempt to break the fall; and an autopsy after his death, of the chest area only, showed evidence of a recent heart attack, recent enough to have occurred at the time of his fall, and the only medical witness, the one making the autopsy, expressed the opinion that the deceased died from the heart attack. There was no evidence as to whether or not there was any injury to his skull or brain, and there was no evidence that the deceased tripped or slipped when he fell. Such evidence fails to show that the fall was accidental, but rather that the heart attack caused the fall; nor does such evidence show that the death occurred as a result of the head injuries. The burden of proof was upon the plaintiff to show that the death came within the terms of the policy, and, under the evidence adduced, it was not error for the trial judge to direct a verdict in favor of the defendant. *Prudential Ins. Co. of America v. Kellar*, 213 Ga. 453 (99 SE2d 823), reversing *Prudential Ins. Co. of America v. Kellar*, 95 Ga. App. 332 (98 SE2d 90). See in this connection, *Hall v. General Accident Assur. Corp.*, 16 Ga. App. 66 (85 SE 600); *Thornton v. Travelers Ins. Co.*, 116 Ga. 121 (42 SE 287, 94 ASR 99); *Bankers Health &c. Ins. Co. v. Smith*, 54 Ga. App. 525 (188 SE 463); *Pacific Mut. Life Ins. Co. v. Meldrim*, 24 Ga. App. 487 (101 SE 305); *Atlanta Accident Assn. v. Alexander*, 104 Ga. 709 (30 SE 939, 42 LRA 188); *Mutual Savings Life Ins. Co. v. Hines*, 96 Ga. App. 442 (100 SE2d 466); *Inter-Ocean Cas. Co. v. Scott*, 91 Ga. App. 311 (85 SE2d 452); *Continental Cas. Co. v. Rucker*, 50 Ga. App. 694 (179 SE 269); *Johnson v. Aetna Life Ins. Co.*, 66 Ga. App. 629 (18 SE2d 777); *Metropolitan Cas. Ins. Co. v. Reese*, 67 Ga. App. 628 (21 SE2d 455); *Gulf Life Ins. Co. v. Braswell*, 101 Ga. App. 133 (112 SE2d 804); *Reserve Life Ins. Co. v. Poole*, 99 Ga. App. 83 (107 SE2d 887). See also *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178 (2) (129 SE2d 408), in which there was an exclusion provision in the policy similar to that in *Miller v. Life & Cas.*

*Ins. Co. of Tenn.*, 102 Ga. App. 655 (117 SE2d 237) ; and *Harris v. Metropolitan Life Ins. Co.*, 66 Ga. App. 761 (19 SE2d 199).

*Judgment affirmed.  Nichols, P. J., and Eberhardt, J., concur.*

DECIDED MARCH 9, 1965.

*Guy B. Scott, Jr.*, for plaintiff in error.
*Erwin, Birchmore & Epting, Eugene A. Epting*, contra.