56011, 56012. KENNESAW LIFE & ACCIDENT INSURANCE COMPANY v. HALL; and vice versa.

McMURRAY, Judge.

Paul Joey Hall was insured under a sickness and accident insurance policy which paid a monthly indemnity for total disability. On or about January 21, 1974, he was injured when he dislocated his shoulder,

which injury arose out of and in the course of his employment. He went back to work on March 19, 1974, in a limited capacity after undergoing surgery on February 26, 1974. He had been employed as a warehouseman, truck driver and delivery man, which involved considerable labor in the movement of sheetrock, acoustical ceiling, scaffolding, and other bundles of material weighing from 50 to 100 pounds which he transported to various job sites. His job involved considerable labor such as stooping, bending, setting up and taking down the scaffolding and unloading and reloading the truck at the various job sites. After he was hurt on the job he could no longer perform these duties but did later perform limited duty of a clerical nature such as answering the telephone, using his left arm, the other being in a sling. On October 31, 1974, he was terminated from his employment because he could no longer perform his laboring duties and was advised by the employer that they could no longer carry him.

Hall was paid under the sickness and accident policy from January 25, 1974, to March, 1974, in the sum of $557.08. The insurer refused to pay him any other benefits under the policy. On November 11, 1976, Hall sued Kennesaw Life & Accident Insurance Company for the sum of $9,840, plus $1,968 as penalty and $1,500 as reasonable attorney fees for the breach of the contract of insurance. The defendant answered, admitting jurisdiction, the correctness of the copy of the disability income policy attached to the pleadings, the fact that plaintiff had sustained a shoulder injury on or about January 21, 1974, the receipt by it of the additional notice of disability on December 19, 1974, and its refusal to pay the claim. Defendant also contended two affirmative defenses as follows: (1) Plaintiff elected to terminate the insurance contract in February, 1975, and (2) He was not entitled to any benefits under the contract as he had not been "under the regular care and personal attendance of a physician."

Following discovery and amendment by plaintiff generally increasing the amount of damages for the breach, the penalty and additional attorney fees by reason of the fact that the defendant had been stubbornly

litigious, the case was tried by a jury resulting in a verdict for the plaintiff in the amount of $5,040, plus penalty in the sum of $1,260 and $2,000 attorney fees. The judgment followed the verdict; defendant moved for judgment notwithstanding the verdict in accordance with its motion for directed verdict on the entire case and motion for directed verdict as to bad faith made at the close of evidence. This motion was denied, and defendant appeals in Case No. 56011. Plaintiff cross appeals in Case No. 56012 with reference to a denial of plaintiff's motion to strike defendant's affirmative defense, "The benefits under this Policy shall not be payable for any period during which you are not under the regular care and personal attendance of a Physician," as well as the denial of his motion for a partial directed verdict. *Held:*

1. Defendant's main contention is that plaintiff was injured while at work; his shoulder was operated on and his doctor returned him to limited duty where he worked for several months before his employment ceased, and the doctor had terminated his treatment as of "11-5-74." However, plaintiff contends that he sought medical treatment immediately from Peachtree Orthopedic Clinic following his injury on January 21, 1974; that his treatment was continuous the entire 12 months of 1974 as well as the first month (January) of 1975; that he was thereafter totally disabled for a period in excess of 24 months under the insurance contract definition; that if he was so disabled for at least 120 days during which he was entitled to benefits the premiums were thereafter waived under the contract; hence, there was no suspension of the coverage for the period of time subsequent to January 15, 1975; and that he also received medical treatment from January through September, 1976. Plaintiff testified that after his operation he returned to light work but he was still having pain with his neck and shoulder, the doctors at the Peachtree Orthopedic Clinic had him on muscle relaxants, physical therapy and he received some shots for the pain; that he did not give up on them until January of 1976 when he went to another doctor, "Dr. George Patterson in Eastman, Georgia . . ." and received treatment from Doctor Patterson from "January 1976 until September of 1976," such treatment amounting to

"ultra sound, electronic. . .message [sic] treatments for about seven or eight months. . .under the supervision of the physical theropist [sic]. . . except in addition they gave me electrical shock treatment. . ." While defendant's main contention was that the plaintiff was not under the regular care and personal attendance of a physician during this period, plaintiff's testimony refutes same, and the jury chose to believe him over other conflicting evidence. Other testimony shows the plaintiff was released by the doctor with prescriptions for pain and advised to take physical therapy. As stated in *Reserve Life Ins. Co. v. Poole,* 99 Ga. App. 83, 86 (107 SE2d 887), "Under these circumstances, it would have been futile and a useless thing for him to have gone regularly to a doctor's office or to have had a doctor call upon him at home only to tell him each week that nothing further could be done for his condition." This court then held: "insistence upon a literal compliance with the. . .policy would be unreasonable. . .where the evidence otherwise shows without contradiction the injuries and resultant disability, [and] this clause will not be enforced." Compare *Strickland v. Gulf Life Ins. Co.,* 240 Ga. 723 (242 SE2d 148). Plaintiff showed by competent evidence that his physical disability was only 5% but that total disability under the policy was defined as "complete and continuous inability to engage in your regular occupation during the first 24 months during which indemnity is payable . . ." Plaintiff presented evidence that although his physical disability amounted to only 5% he was totally disabled to engage in his regular occupation as a laborer from October 31, 1974, for a period of more than 24 months. Defendant presented no evidence in defense, other than exhibits with reference to plaintiff's claim and physical condition, and relied on the clauses in the admitted policy set forth in its affirmative defenses, neither of which is meritorious inasmuch as no evidence was presented showing suspension or cancellation of the policy, and the evidence shown above does not show an exclusion of the plaintiff's claim. The trial court did not err in refusing to direct a verdict in favor of the defendant.

2. During the trial defendant's counsel verbally

requested that the court instruct the jury that a bad faith penalty or attorney fees was not permitted under the evidence. However, the trial court made no ruling on its request or motion but proceeded with colloquy with both counsel as to the jury instructions to be given. This discussion was not reported and is not in the record. Thereafter, the jury was fully charged, including instructions as to bad faith and "attorney's fees." See Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712). When counsel for defendant was given a suitable opportunity as required by Code Ann. § 70-207 (Ga. L. 1968, pp. 1072, 1078) to object to the charge as given he made no objection, hence defendant cannot now complain as to the giving of this charge. *Stubbs v. Daughtry,* 115 Ga. App. 22 (5) (153 SE2d 633); *Biddinger v. Fletcher,* 116 Ga. App. 532 (3) (157 SE2d 764). Further, the procedure authorized by *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (2), 15 (195 SE2d 417), was not followed so as to preserve the objection. Accordingly, there is no merit in the enumeration of error complaining of the failure to charge the jury. See *Lewis v. Noonan,* 142 Ga. App. 654, 656 (4) (236 SE2d 900).

3. The remaining enumeration of error complains that the trial court erred in submitting the question of bad faith to the jury for its consideration, contending plaintiff never submitted a proper claim for payment under the terms of the insurance contract; but, as held above, no objection was made to the charge when given a suitable opportunity to make an objection hence we cannot review the charge of the court.

It could be contended, however, that the defendant's motion for judgment notwithstanding the verdict raised this issue sufficient to enumerate error thereon. Examination of defendant's motion for directed verdict shows clearly that only the sufficiency of the evidence, that is, that the evidence demanded a verdict for the defendant was raised therein. No motion for directed verdict on the issue of penalty and attorney fees in favor of the defendant was made. See Code Ann. § 81A-150 (Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248). But there was evidence for jury consideration that defendant had denied liability, and evidence of bad faith as defendant's

only defense was based on various clauses in the policy which are not controlling. Since this defense is not meritorious, it was a jury issue as to whether defendant's refusal to pay was unfounded or frivolous after demand. *Metropolitan Life Ins. Co. v. Lovett,* 50 Ga. App. 763 (4), 768 (179 SE 253); *Cimarron Ins. Co. v. Pace,* 212 Ga. 427 (1), 431 (93 SE2d 593); *American Fire &c. Co. v. Barfield,* 81 Ga. App. 887 (3) (60 SE2d 383) and cits.

4. Having disposed of the enumerations of error in Case No. 56011 adversely to the defendant (appellant), which judgment affirms the trial court, no ruling is necessary on the enumerations of error raised in the cross appeal in Case No. 56012.

*Judgment affirmed on the main appeal; cross appeal dismissed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JUNE 8, 1978 — DECIDED
SEPTEMBER 14, 1978.

*James F. Panter,* for appellant.
*Phillip N. Lavender,* for appellee.