## FRANKLIN *et al. vs.* WOLF.

Where, upon the filing of a bill in equity and before the first term of the court thereafter, a temporary injunction was granted and a temporary receiver appointed, but upon motion of the defendants, the receiver was discharged upon the giving of bond by the de-

fendants, conditioned to pay the complainant the condemnation money in the case; and where, also before the first term of the court, the chancellor required the complainant to answer for any damages that the defendants might incur by reason of the institution of the suit; these proceedings were merely preliminary or ancillary to the main cause of action, and did not amount to such a trial of the case as would prevent the complainant, who was a non-resident, from proceeding at the first term of the court, before any trial of the case had been entered on, to remove it to the Circuit Court of the United States.

March 28, 1887.

Removal of Causes. United States Courts. Before Judge RONEY. Richmond Superior Court. October Adjourned Term, 1886.

Reported in the decision.

J. S. & W. T. DAVIDSON, for plaintiffs in error

FRANK H. MILLER, for defendant.

BLANDFORD, Justice.

In this case, Abraham Wolf exhibited his bill against Henry Franklin and S. H. Myers, of the county of Richmond, and Siegfried Schwarzweiss, of the county of Burke, in the State of Georgia; said Wolf alleged to be a citizen of the State of New York. The bill alleged that Schwarzweiss was indebted to Wolf for a large sum of money, to-wit, $20,000, and that said Schwarzweiss had executed a certain mortgage (a copy of which is exhibited to the bill), as security for the money, for a stock of goods in the town of Waynesboro, Burke county, of the value of $20,000. It further alleged that Franklin, subsequent to the mortgage of Wolf, and after Wolf's mortgage had become of record, also took a mortgage upon the same stock of goods from Schwarzweiss; that Franklin afterwards purchased this stock of goods from Schwarzweiss, and agreed to pay the mortgage of Wolf, and did pay upon it some $2,500;

that Franklin had disposed of his property, in order to defeat this claim of Wolf and other creditors, to a man named Myers; and it alleged that this was a fraud upon the creditors of Franklin. The bill prayed for an injunction to restrain the parties from disposing of this stock of goods, and that Franklin and Myers be enjoined from disposing of the property Franklin turned over to Myers; and also prayed for the appointment of a receiver. Before the first term of the court, the chancellor appointed a temporary receiver, and also issued a temporary injunction. Upon motion of the defendants, the receiver was discharged by the court, on the defendants' giving bond, payable to the complainant, conditioned to pay the condemnation money in the case; and subsequently, before the first term of the court, the chancellor also required the complainant, Wolf, to give a bond, payable to the defendants, to answer for any damages they might incur by reason of the institution of that suit.

The defendants also filed a general demurrer to the bill and demurred to it specially. This was done before the first term of the court. At the first term of the court, before the trial of the case had been entered into, and before it was to be tried finally upon its merits, Wolf filed his petition to remove the case to the Circuit Court of the United States for the Southern District of Georgia, and tendered his bond, which was approved by the court. This application to remove was resisted by the defendants, and the order of the court allowing the removal is excepted to.

It is contended by the plaintiffs in error here that the case was in such a condition at the time of the application to remove it to the United States court, that the complainant, Wolf, was not entitled to have the same removed; in other words, he says there had been, to some extent, a trial of the case. In this view we do not concur. We think the removal was in time, under the act of March 3, 1875, an act to regulate the removal of causes from State courts to the United States courts, in cases where

the plaintiffs or defendants are citizens of different States. This act provides that the application shall be made at or before the term at which the case could be first tried, and before the trial of it. It would seem that this act would require an election to be made at the first term at which, under the law, the case was triable upon its merits, and before the trial had been entered upon. We think that the proceedings which were heard by the court in this case, and the granting of this injunction, appointment. of receiver, and other acts entered into, were merely preliminary or ancillary to the main cause of action. The object of the appointment of the receiver was to maintain the *status quo.* There was no decision upon the merits. It was not intended to be a trial of the case, and was not a trial of any of the issues that could be formed upon the bill of the complainant.

For these reasons we affirm the judgment of the court below.