TRAVELERS' PROTECTIVE ASS'N OF AMERICA v. DAVIS.*

No. 7025.

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1933.

*Rehearing denied December 14, 1933.

E. K. Wilcox and John B. Odum, both of Valdosta, Ga., and Maurice P. Phillips, of St. Louis, Mo., for appellant.

R. Lanier Anderson, Jr., and Robert L. Anderson, both of Macon, Ga., and Omer W. Franklin and H. Langdale, both of Valdosta, Ga., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Grace Mae Davis upon her husband's certificate of membership in the Travelers' Protective Association recovered $10,000 for his accidental death. The material part of the certificate is: "The following benefits are paid to Class C members subject to the conditions, exceptions and limitations of the constitution of the Association and amendments thereto whenever a member in good standing shall, independently of all other causes, through external, violent and accidental means receive bodily injuries which shall solely and exclusively cause death or disability: * * * $10,000.00 if killed by accident." The constitution provides: "The Association shall not be liable to a member or his beneficiary for any disability benefits, special loss benefits or death benefits. * * * When caused wholly or in part by any bodily or mental infirmity or disease. * * * When resulting from voluntary or involuntary, conscious or unconscious inhalation of any gas, anesthetic or vapor. * * * Provided, however, that the said exception concerning voluntary or involuntary, conscious or unconscious inhalation of any gas, anesthetic or vapor shall not apply when such gas, anesthetic or vapor has been generated by accidental means and liberated by accidental means. • • • When resulting from medical, mechanical, dental, surgical or other treatment or manipulation, provided that the said exception concerning treatment and manipulation shall not apply to a surgical operation made necessary by and performed within six calendar months from the date of the original injury." The evidence was in no substantial conflict. The deceased three years before his death was operated upon for gall bladder trouble, and had a post-operative hernia which tended to become worse, and for which his physician had advised an operation. Deceased left home on a long automobile trip and returned after several days suffering greatly from his hernia, went to his physician, not complaining of any accident, and consented to an operation which two days later was undertaken. He was examined and thought to be in good condition for the operation, but at the end of it, while under an anesthetic, his heart suddenly stopped beating and he died. The medical opinion given is that he died from the anesthetic administered, and the dilation of his heart during the operation due to the strain on it of the anesthetic and the operation. Possible undetected fatty degeneration, or hardened arteries, or violence applied to the body, or physical strain were mentioned as other possible causes of dilation, but nothing wrong with his heart was discovered before the operation and the testimony is undisputed that the anesthetic was the immediate cause of death. The plaintiff testified that the abdomen of deceased was red and swollen when he returned home, though he complained to her of no accident. The physician said he saw no external sign of injury when he examined him that day. There was, however, circumstantial evidence from which the jury might have concluded that his automobile on the day previous had slid from the road, bending a fender and breaking a wheel but not overturning. The court overruled the defendant's motion for a directed verdict, and, over exceptions, charged thus: "It is undisputed that there was an operation on the insured for a hernia, and that an anesthetic was given to him, and that he died on the operating table. I charge you that if he was injured violently and externally by an automobile accident, and if you further believe that the injury aggravated an existing hernia, and that not the existence of the hernia but the aggravation of the hernia made an operation necessary and that the insured died while being operated on, although he did take an anesthetic and died from the anesthetic, the plaintiff would be entitled to recover. * * * In other words there must be some connection

between the accident and the death. If the anesthetic killed him and the anesthetic was given not as a result of the accident at all but simply because the hernia required an operation then the plaintiff is not entitled to recover; but if the accident caused an aggravation which except for the aggravation would not have required an operation at all and by reason of the aggravation an operation was rendered necessary, and the operation and anesthetic resulted in death, then the plaintiff would be entitled to recover."

■ The charge is erroneous. The association is not liable as a tort-feasor would be for a death traceable by a chain of causation to the injury, but is liable only according to its contract for a death which is caused by a violent, external, and accidental injury solely and exclusively, and independently of all other causes. If the accidental injury was not in itself or in its usual and natural consequences mortal, but other additional causes co-operated to produce the death, the case is not within the promise of the certificate. If death would not have resulted from the injury except for the precedent hernia, even if death had at once resulted from the injury and the hernia, there could have been no recovery. Ryan v. Continental Casualty Co. (C. C. A.) 47 F. (2d) 472. Much less is the accidental injury the sole and exclusive cause of death if there had to be in addition an operation and an anesthetic and an abnormal heart failure to produce death. The error is the plainer when we turn to the specific exceptions to the liability and find excluded death caused wholly or in part by any bodily or mental infirmity or disease. Either hernia or an abnormally weakened heart would be a bodily infirmity or disease. Yet, further, death resulting from the inhalation of an anesthetic is excluded unless the anesthetic be generated and liberated by accidental means; and there was no accidental inhalation here. We do not think the charge can be supported by the exception which excludes death from medical, mechanical, dental, surgical, or other treatment, but provides that this exception shall not apply to a surgical operation made necessary by and performed within six months of the date of the original injury. Anesthetics are not here contemplated, because separately dealt with before, but death from the physical operation or manipulation because of shock, bleeding,

infection, or the like. There is no contention in this case that the operation itself as distinguished from the anesthetic caused the death. The provision that this exception does not apply to an operation necessitated by an injury and performed within six months does not make the association liable for any injury which the certificate does not cover, but only prevents escape from a liability otherwise existing because such operation is a contributing cause of death.

■ But irrespective of the court's charge, the evidence does not show a death from injury within the promise of the certificate. The only accidental injury claimed is a supposed one suffered by the skidding of deceased's automobile. The jury might indeed conclude that such a thing happened, and that his hernia may have been aggravated thereby is a reasonable possibility, but the aggravation may also have been caused by the three days' automobile ride or by the natural development of the trouble, which was growing worse all the time. We much doubt there being sufficient proof to show that any physical injury was received in the automobile accident. No witness so testified. The deceased made no such claim to his wife or physician. The physician could see no marks of such an injury and the redness and swelling seen by the wife may have come from the hernia. An injury to the heart is wholly fanciful. There is clearly no evidence to show a violent injury which solely and exclusively caused death independently of all other causes. On the contrary, the testimony is direct that the death resulted from an anesthetic and partly from the bodily infirmity of an abnormally weak heart, and is on both accounts excepted from the certificate. The automobile accident and the aggravation of the hernia could have been at most only contributing causes. The motion to direct a verdict for the association ought to have been sustained.

There was much contention as to whether notice of the accident and proofs of death were given in time, and whether the association was estopped to urge the point or had waived it, but in view of what has been ruled touching the merits of the claim, it is unnecessary to deal with this question. The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.