## DAVIS v. JEFFERSON STANDARD LIFE INS. CO.*

No. 7507.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1934.

*Writ of certiorari denied 55 S. Ct. 352, 79 L. Ed. —.

Robert L. Anderson and R. Lanier Anderson, Jr., both of Macon, Ga., for appellant.

Grover Middlebrooks, of Atlanta, Ga., and T. Baldwin Martin, of Macon, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

This appeal is from the judgment on a verdict directed against Mrs. Grace Mae Davis in a suit to collect on the double indemnity promise in case of death by accidental means in a policy on the life of her deceased husband. The same facts were involved in the case of Travelers' Protective Association v. Davis (C. C. A.) 67 F.(2d) 260, but under a different form of policy and with different questions of law raised. The important provisions of the present policy are: "The Company will pay the beneficiary in full settlement of all claims hereunder double the face amount of this policy if * * * the death of the insured results from bodily injury within ninety days after the occurrence of such injury provided death results directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means while the insured is sane and sober. Except these provisions do not apply * * * in case death results * * * directly or indirectly from bodily or mental infirmity." Exhibiting the policy and admitting collection of its face amount, the petition was framed in four counts, the first and third of which went to trial, but the second and fourth were stricken on general demurrer. This ruling on demurrer is the first error assigned.

Count 2 alleged death from bodily injuries, independently and exclusively of all other causes, which were effected solely through external, violent, and accidental means, in that an anesthetic was administered by a surgeon in performing an abdominal operation on the insured, and the anesthetic though skilfully administered and ordinarily harmless produced death because of an impairment of the insured's heart functions or heart muscle, which condition was caused by an automobile accident shortly (no date given) before the operation, and unknown to the surgeon. In this count the anesthetic is set up as the direct and efficient cause of death. Its use was intentional and no mistake or slip is alleged in its administration. In addition to its usual and expected sedative results, there occurred an unexpected result due to a heart weakness of short duration but antedating the operation. That there was an accidental death caused in part by an external means (the anesthetic), which by a strain is held to be violent, is apparent; that the means was an accidental one is not so plain, as no mistake or slip occurred in its use. By the weight of authority a means is not made accidental because some unexpected result followed in addition to that which was intended to be accomplished. Landress v. Phoenix Mutual Life Ins. Co., 291 U. S. 491, 54 S. Ct. 461, 78 L. Ed. 934, 90 A. L. R. 1382. But irrespective of that, it is clear to us that the fatality cannot be said to have been effected *solely* by this external violent means, because it was due also to the internal bodily weakness without which there would have been no death. This was also a "bodily infirmity" within the clause of exception, for infirmity

includes abnormal weakness as well as acute disease. Insurance against death by accident is usually afforded for a small premium, and the coverage is correspondingly narrow. The liability is guarded by carefully chosen words. Courts have no more right by strained construction to make the policy more beneficial by extending the coverage contracted for than they would have to increase the amount of the insurance. The insurance here is not against unintended death from bodily injury effected by violent, external means generally, but only when the violent, external means can be said to be accidental and when they solely and independently of all other causes produce the death. If a bodily infirmity, though unknown at the time, is a concurring cause without which death would not have resulted, the policy does not cover the case. Landress v. Phoenix Mutual Life Ins. Co., supra; Travelers' Protective Association v. Davis, supra; Ryan v. Continental Casualty Co. (C. C. A.) 47 F.(2d) 472. The count was properly stricken.

The fourth count, also stricken, differs from the third, which was tried, only in alleging that the policy was a Georgia contract governed by Georgia statutes as construed by Georgia courts, and that by the Georgia law on a policy like this recovery may be had if the anesthetic was the proximate cause of an accidental death though not the sole cause. No statute or decision is pleaded as showing the Georgia law, but in the brief reference is made to Georgia Code, § 4268, containing rules for construing contracts, and especially to subsection 4: "If the construction is doubtful, that which goes most strongly against the party executing the instrument, or undertaking the obligation, is generally to be preferred." This is common law, but nonetheless a statute of Georgia which, together with the construction of it by the state courts, is to be followed in the federal courts as a rule of decision. Burns Mortgage Co. v. Fried, 292 U. S. 487, 54 S. Ct. 813, 78 L. Ed. 1380, 92 A. L. R. 1193. But we find nothing in the statute or its construction different from the general law. We are referred to Thornton v. Travelers' Insurance Co., 116 Ga. 121, 42 S. E. 287, 94 Am. St. Rep. 99, a suit on an accident policy but not involving a death, in which the principle of construction embodied in the statute was applied to an insurance contract but without construing or even mentioning the statute. In Hall v. General Accident Assur. Corporation, 16 Ga. App. 66, 85 S. E. 600, death was involved and the statute was mentioned, but it was not the highest court of the state speaking and no unusual meaning was attributed to the statute. Both cases are merely constructions of the insurance policies involved, and not of the Georgia statute. We accept the Georgia statute as to be applied in the federal court, but find no occasion to base a count upon it or to specially plead it. While applying it as a rule to be followed in cases of doubt, the federal courts must continue to construe insurance contracts according to what they conceive their true meaning to be, giving respectful consideration but not final authority to the decisions of the state courts. Carpenter v. Providence Washington Insurance Co., 16 Pet. 495, 10 L. Ed. 1044; Hawkeye Commercial Men's Association v. Christy (C. C. A.) 294 F. 208; Metropolitan Life Ins. Co. v. Foster (C. C. A.) 67 F.(2d) 264. No harm could result from striking the fourth count, for the third presents the same facts.

So we come to the direction of the verdict. The first count alleged bodily injuries accidentally sustained in an automobile accident on April 22, 1931, as the sole cause of the insured's death on April 25, 1931. No description of the injuries is given. The third count alleged as the cause of death the administration of an anesthetic during an abdominal operation on April 25th made necessary by injuries received in an automobile accident three days before, during which operation insured's heart suddenly ceased to beat and he died; that he had been examined prior to the operation and found apparently normal, and his death under the anesthetic was sudden, unexpected, and unintentional. Under these counts evidence was introduced substantially like that stated in Travelers' Protective Association v. Davis, supra, except that it was here shown that insured claimed to the surgeon that he "had been shaken up in a Ford car" and that the surgeon testified even more positively that the death was due to the anesthetic and the weak heart, that nothing went amiss or happened unexpectedly except that the heart of Mr. Davis dilated and ceased to beat towards the end of the operation. We said of this evidence before, and we still think, that the claim of any traumatic injury to the heart in the sliding of the automobile from the road without overturning is wholly fanciful, and recovery cannot be based on any injury received then as the sole cause of death under the first count. Under the third count, which is based on the administration of the anesthetic as the direct cause of death, the heart condition is positively and uncontradictedly testified to be a concurring cause of the death without which it would not have happened. But that is sought

to be lifted out of the class of bodily infirmities and made to relate to the automobile mishap so as to be accidental also. If two accidental injuries three days apart concurring to cause death would satisfy the terms of the policy, which we do not decide, the evidence fails to establish them. Aside from the question as to whether the anesthetic intentionally administered can be said to have been an accidental means, we think it cannot reasonably be concluded that the dilation of the insured's heart on the operating table was the result of any violent, accidental injury to it three days before. He was operated on for an old hernia. He had no bruise on his body after the automobile experience, made no complaint of his heart, and the examination of him the day after and repeated just before the operation showed no injury to the heart or to the tissues around it. Only by speculative possibility can the weak heart be connected with recent traumatism. A verdict could not be rested on it, and was properly directed against recovery.

Judgment affirmed.