NATIONAL LINEN SERVICE CORPORATION *v.* PARKS
*et al.*

No. 11143. April 16, 1936.

*Herbert J. Haas, Marion Smith, Joseph F. Haas, George B. Tidwell,* and *Alston, Alston, Foster & Moise,* for plaintiff in error. *Roy S. Drennan* and *Ellis & Bell,* contra.

GILBERT, Justice. The sole question at issue is the right to remove this suit to the United States district court. The petition alleged, so far as is necessary for the determination of the question, that Mrs. Lloyd Parks is the owner and holder of one bond of Atlanta Laundries Inc., in the sum of $1000, which was issued under a trust indenture dated January 1, 1928, between Atlanta Laundries Inc. and Canal Bank & Trust Company and C. F. Niebergall as trustees, securing an issue of $1,500,000 in bonds of which the sum of $1,378,000 is outstanding, including the plaintiff's bond; that in June, 1932, Atlanta Laundries Inc. defaulted in the payment of the interest and sinking-fund requirements on all of the bonds; that after the default a bondholders protective committee was formed by the holders of the bonds issued under the trust indenture, which committee controlled about 78 per cent. of the outstanding bonds issued under the trust indenture; that despite the default the trustees had taken no action to foreclose upon the security transferred by the Atlanta Laundries Inc. under the trust indenture; that the Canal Bank & Trust Company had resigned, and the National Bank of Commerce had been substituted as trustee; that neither trustee had taken any action to foreclose upon the security transferred under the trust indenture, despite Mrs. Parks' request that such be done; that shortly after the bonds were issued certain of the property of Atlanta Laundries Inc. was conveyed, in violation of the trust indenture, to National Linen Service Corporation, and the consideration received by Atlanta Laundries Inc. was in the form of corporate stock which was not subject to the terms of the trust indenture; that the value of the property so conveyed to National Linen Service Corporation was approximately $500,000; and that Atlanta Laundries Inc. is insolvent. The prayers were for judgment against Atlanta Laundries Inc. for $1000 with accrued interest; that other bondholders be required to intervene; that all persons claiming any rights to the properties described in the trust indenture be required to intervene; that the trustees be declared to be guilty of fraud and waste, and the trust be declared vacated, so as to vest title in the petitioner and all other bondholders, or, in the alternative, a vacancy be declared and petitioner have the right to maintain her bill as a class bill for the benefit of herself and all other bondholders to obtain a decree of foreclosure, accounting, etc.;

that the trust indenture be foreclosed; that judgment be rendered against Atlanta Laundries Inc. for the full amount of the bonds, with accrued interest, for the benefit of the bondholders; that the trustees be declared to have no right, title, or interest in the properties; that a receiver be appointed; that defendants be enjoind from altering the status of the properties of Atlanta Laundries Inc., and from instituting any proceeding affecting the title or possession of the properties described in the trust indenture; that an accounting he had, and a judgment be obtained against the defendants jointly, severally, and individually for the amount of funds or assets of Atlanta Laundries Inc. which had been misapplied or misappropriated, the proceeds of the judgment, when collected, to be paid over to the receiver for the bondholders' benefit; that the funds or properties misappropriated be traced and recovered and restored to the trust; that the attempted sale, transfer, and assignment of the business assets and properties transferred to National Linen Service Corporation be declared void, and that the court require the property to be restored to the trust, and require an accounting with National Linen Service Corporation, to fix and determine the rents and profits derived from the use of the property, and judgment be rendered against National Linen Service Corporation; that a receiver be appointed to take charge of the assets of the said corporation and of the properties transferred to it; that personal judgments be rendered against the defendants jointly, severally, and individually for all sums alleged to have been embezzled or misappropriated from the trust fund,— and that the court take charge of the properties and administer the trust for the benefit of the bondholders under the trust agreement; and for general relief. All of the defendants were non-residents of the State of Georgia, except Robert Strickland Jr. and L. L. Gellerstedt, who were alleged to be members of the bondholders protective committee, and were joined as defendants in such capacity.

The National Linen Service Corporation filed a petition for removal of the case to the United States District Court for the Northern District of Georgia, on the ground that a separable controversy existed between Mrs. Parks and the movant, she being a citizen of Georgia and National Linen Service Corporation being a corporation chartered under the laws of Delaware, and that the amount in controversy exceeded the jurisdictional amount of $3000.

The application for removal was denied by the court, and the movant excepted.

In U. S. C. A. 3, title 28, § 71, it is provided, as to removal of suits from State courts: "When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." In U. S. C. A. 32, title 28, § 41, it is provided that the matter in controversy must exceed, exclusive of interest and costs, the sum of $3000. The matter in dispute is as defined in Smith v. Adams, 130 U. S. 167 (9 Sup. Ct. 566, 32 L. ed. 895): "'By the matter in dispute,' as that phrase is used in the statutes conferring jurisdiction on this court, is meant the subject of litigation, the matter upon which the action is brought and issue is joined, and in relation to which, if the issue be one of fact, testimony is taken; and its pecuniary value may be determined not only by the money judgment prayed, but, in some cases, by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment." See also Lee v. Watson, 1 Wall. 339 (17 L. ed. 557); Northern Pacific Ry. Co. v. Pacific Coast Lumber Mfrs. Asso., 165 Fed. 1, 11; Market Co. v. Hoffman, 101 U. S. 112 (25 L. ed. 782); Estes v. Gunter, 121 U. S. 183 (7 Sup. Ct. 854, 30 L. ed. 884).

1. Properly construed, the petitioner's suit is for a class including herself and other bondholders similarly situated, praying that the trustees be decreed to have vacated their office, and seeking to have restored to the trust res certain properties alleged to have been illegally conveyed by Atlanta Laundries Incorporated to National Linen Service Corporation in an approximate amount of $500,000, and to obtain a money judgment against Atlanta Laundries Inc. for $1000 and accrued interest on the bond held by her.

(a) As between the petitioner and National Linen Service Corporation the controversy is separable.

(b) The amount in controversy, as applied to National Linen Service Corporation, exceeds the jurisdictional amount of $3000.

2. The suit was removable by National Linen Service Cor-

poration, and the court erred in not granting the application therefor.    *Judgment reversed.  All the Justices concur.*