*D. A. Pirkle Jr., Burress & Dillard,* contra.

## 25637. CLARK *v.* ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA *et al.*

DECIDED OCTOBER 14, 1936.

*Winfield P. & Carroll Payne Jones, Henry C. Davidson, Robert Maginnis,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.

GUERRY, J. Mrs. Lucy F. Clark, a citizen of Georgia, brought suit in the superior court of Fulton County against the Order of United Commercial Travelers of America, an Ohio insurance corporation, and T. C. Lackland Jr., the company's resident secretary,

a citizen of Georgia, seeking to recover for the accidental death of her husband under a policy of insurance, issued by the Order of United Commercial Travelers of America. The petition alleged: "that petitioner, although not mentioned in said policy, was designated by the assured therein as beneficiary thereof in his application therefor, and as such accepted by defendant company; and petitioner has been since said time the beneficiary of said policy and as such so designated upon the records of defendant company, the said policy being of force at the time of the assured's death, as hereinafter stated; and petitioner, averring that the discovery of said facts is essential to her recovery, prays discovery from the defendants of the facts that she was designated beneficiary in said insured's application and as such accepted by said insurance company, and since and at the time of the assured's death has been and was treated as such by said insurance company." The prayers were (1) that defendants be required to make discovery of said application, and (2) that "plaintiff have and recover of the defendant insurance company the amount of $6300 principal besides interest, and costs of court." The company filed a motion to remove the case to the Federal court, alleging that the suit was one of a civil nature, and that the amount in dispute exceeded, exclusive of interest and costs, the sum of $3000; that the plaintiff, Mrs. Lucy F. Clark, was a resident of the State of Georgia, and that the defendant was and is a resident corporation of the State of Ohio; that the "controversy in said suit . . is, and at the time of the commencement thereof was, a controversy wholly between citizens of different States; . . that said controversy can be fully determined as between plaintiff and petitioner, and the whole subject-matter of said suit is capable of being so determined and complete relief afforded the plaintiff without the presence of said T. C. Lackland Jr.," etc., and prayed that said cause be removed to the Federal court. The court sustained the motion and ordered the case removed. The exception is to that ruling.

If suit on a cause of action be brought by a resident of one State against a company, non-resident of that State, and against its resident employee (the amount in controversy exceeding the sum of $3000 exclusive of interest and costs), such non-resident has the right to have the suit removed to the Federal court for deter-

mination. In U. S. C. A. 3, title 28, § 71, it is provided, as to removal of suits from State courts: "When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." The matter in dispute is defined in Smith *v.* Adams, 130 U. S. 167 (9 Sup. Ct. 566, 32 L. ed. 895): "By 'matter in dispute,' as that phrase is used in the statutes conferring jurisdiction on this court, is meant the subject of litigation, the matter upon which the action is brought and issue is joined, and in relation to which, if the issue be one of fact, testimony is taken; and its pecuniary value may be determined not only by the money judgment prayed, but, in some cases, by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment." See also *National Linen Service Corporation* v. *Parks,* 182 *Ga.* 350 (185 S. E. 349), and cit. The present case, under the above authorities, is plainly a controversy between citizens of different states. No judgment is prayed against T. C. Lackland Jr., nor is it shown that he is in any way interested therein. The fact that the petition prays discovery against Lackland of the application for insurance is not sufficient to confer jurisdiction on the State court. 54 C. J. 291. Especially is this true in this case, in which the petition contains no prayer invoking equitable relief, is not sworn to, and does not show a compliance with the provisions of the Code, § 38-1201 et seq., setting forth the method in which discovery at law may be had against a corporation. The court did not err in passing an order removing the case to the Federal court.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*