## CLARKE v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA et al.*

### No. 8651.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1938.

*Rehearing denied Dec. 10, 1938.

458

Winfield P. Jones, of Atlanta, Ga., for appellant.

Harry L. Greene, of Atlanta, Ga., for appellees.

Before HUTCHESON and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

When appellant was here before, complaining of a verdict which had been instructed against her, at the conclusion of her evidence, we sustained her complaint, and held that under Georgia law a nonsuit, rather than a verdict against her, should have been ordered.[1]

Her then suit was a suit at law, on pleadings which in addition to declaring on her deceased husband's certificate of membership in defendant's society, anticipated defendant's reliance on, and attacked for fraud in law, a release she had signed. We held then that her proof had not sustained her allegations of fraud in procuring the execution of the release, and that the nonsuit defendant moved for should have been granted.

After the reversal and following nonsuit in that cause, she filed this suit at law in the Superior Court of Fulton County against the company and T. C. Lackland, Jr., as resident secretary and treasurer. This time she made no attack upon, indeed, no reference to, the release she had signed. Alleging that her husband had suffered an accidental death within the coverage of the certificate, she simply sued upon the certificate, and prayed for discovery as to her beneficial interest in, and for judgment on it.

The company, averring the existence of a separable controversy which could be fully determined as between plaintiff and itself without the presence of Lackland, averring, indeed, that plaintiff had stated no cause of action whatever against him, applied for and obtained an order of removal to the Federal Court. Thereafter, the State court's order of removal having been affirmed on her appeal,[2] and her motion in the Federal court to remand having been denied, the case proceeded to trial on pleadings consisting of plaintiff's original petition and the answer of defendant company. Admitting the issuance of the certificate, and that plaintiff was the beneficiary under it, defendant's answer denied that the death of decedent was accidental within the coverage of the certificate, and pleaded as an accord and satisfaction of any claim under it, the release she had executed and the payment it had made to her under it.

Plaintiff testified on her own behalf as to the fall and the death of her husband, and as to the execution of the release substantially as she had done on the former trial. As a part of her testimony, she gave it as her opinion, over the objection of defendant —"I think my husband would be living today were it not for the fall. I think it caused his death. The reason I think it did is because his health had been better the later years of his life, and his father lived to be quite an elderly man, and I had every reason to think my husband would have lived to be a much older man were it not for the fall." This testimony, and that of her daughter, that her father took to his bed the day after his fall, and got steadily worse from then on, is all of the testimony plaintiff offered on the issue of accidental death.

Opposed to it defendant offered the attending physician's certificate, which was a part of her proofs of loss, that the fall might have produced some shock but that cardio vascular, and kidney disease was the cause of the death. In addition, called to the stand, the attending physician testified that the deceased was suffering from a cardiac, vascular, uremic condition, considerable hardening of the arteries; that he found no evidence of external injury, and that the cause of his death was interstitial Bright's Disease, chronic cardiac Bright's Disease, changes in the blood vessels, the changes of old age; that he did not think that any fall the deceased might have had while he was treating him or any fall that was described to him by Mrs. Clarke, had any connection with his disease. That he saw no evidence of any injury from the fall, and that he was called to treat an acute medical condition, bronchitis, and weakness

[1] Clarke v. Order of United Commercial Travelers of America, 5 Cir., 79 F.2d 564.

[2] Clark v. United Commercial Travelers of America, et al., 54 Ga.App. 324, 187 S.E. 852, certiorari denied by the Supreme Court of Georgia, 54 Ga.App. 897.

from chronic interstitial Bright's Disease which became more pronounced; that he had no fracture of any kind, or evidence of any injury of any vital organs.

As to the giving of the release, while in addition to Mrs. Clarke's testimony there was testimony on this trial of three witnesses for the defendant, there was on this trial as there was on the former one, a total failure to prove, "the falsity of any representations leading her to accept the $200 paid her, any misstatement as to the nature and contents of the papers which she signed, or any trick to prevent her having it read."

At the conclusion of all the evidence a verdict was directed for defendant on its motion.

Appellant assigns as error the ruling denying her motion to remand, and that directing a verdict for defendant. In addition, she complains of rulings (a) admitting into evidence the certificate of the attending physician, attached to the proof of loss; (b) admitting the license the Insurance Commissioner of Georgia had issued to appellee as a beneficiary order, and (c) defendant's constitution and by-laws.

We find nothing in any of these rulings of which appellant may complain.

As to the motion to remand, we agree fully with the opinion of the Georgia Court of Appeals in her case, that appellant's petition stated no cause of action against Lackland, and that his joinder did not prevent defendant from removing its controversy with plaintiff into the Federal court.

■■ As to the rulings on the admission of the objected to documents, it would be sufficient to say that their admission into evidence, if error, was harmless, for in the state of the proof a verdict for defendant was demanded. But we think it quite plain that looked at in themselves, the rulings were not erroneous. The physician's certificate was attached to, indeed was a part of, the proofs of death plaintiff furnished. Besides, it merely stated in certificate form what the physician testified to more fully as a witness in the cause. The license ap-

pellee held from the Commissioner was certainly admissible as evidence of the capacity in which it did business in Georgia and, the proof establishing that appellee was a fraternal beneficiary order, the constitution and by laws were clearly admissible under Georgia statutes and decisions.[3]

■■ Upon the main point of error, that appellant's case should have gone to the jury, that defendant should not have had an instructed verdict, appellant finds herself in the impossible position of endeavoring, on the same evidence, to sustain the point decided against her on the former appeal, that the release and receipt she gave was invalid at law for fraud. In addition, she finds herself with no evidence whatever as to the nature and extent of the accidental injury she claims her husband received, except her vague statement that he had a hard fall from stumbling over a rocker, and her opinion, erroneously admitted into evidence, over defendant's objection, that her husband's death was the result of the fall.

The certificate on which appellant sues provides, as a condition to recovery, that the deceased "sustained bodily injury effected through external, violent and accidental means, which alone shall occasion the death", while the constitution, upon which the certificate was issued, provides that "indemnity is granted as the result of bodily injury effected through external, violent and accidental means, herein termed the accident, which shall be occasioned by the said accident alone and independent of all other causes."

Proof of the kind offered here is wholly insufficient to make an issue of accidental death under such a policy, whether the rule of Davis v. Jefferson Standard Life Ins. Co., 5 Cir., 73 F.2d 330, 96 A.L.R. 599, or that of Hall v. General Accident Assurance Corporation, 16 Ga.App. 66, 85 S.E. 600 be applied. The verdict should have been directed against appellant both because she failed to prove an accidental death within the coverage of the certificate, and because, if she had ever had a right to sue she had released it.

The judgment is affirmed.

---

[3] Fraternal Life & Accident Association v. Evans, 140 Ga. 284, 78 S.E. 915.