## MUTUAL LIFE INS. CO.. OF NEW YORK v. LOEB et al.

### No. 9142.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1939.

Shepard Bryan and W. Colquitt Carter, both of Atlanta, Ga., for appellant.

Walter A. Sims, of Atlanta, Ga., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellees as beneficiaries in a policy of insurance, appellant had issued upon the life of Mrs. Dowling, sued for and obtained a verdict and judgment for the double indemnity provided for in it. Appellant complaining of the overruling of its motion for a directed verdict made at the close of all of the evidence, insists that the case should not have gone to the jury, and the verdict and judgment may not stand. Its sole point is that, upon the undisputed evidence, the death of the insured did not result directly from bodily injury, independently and exclusively, of all other causes, but was contributed to by, and therefore resulted directly or indirectly from, bodily infirmity and disease. Conceding that the evidence must be viewed in the light most favorable to plaintiffs' claim, and that an instructed verdict in the case was not demanded, unless reasonable minds could not differ, upon the conclusion to be drawn from the evidence so viewed, appellant confidently urges upon us that the evidence is all one way.

Appellees recognizing that the insured's admitted diseases and infirmities make the case a close one for them, yet insist that upon a proper construction of the policy, there was evidence to take the case to the jury.

We do not think so. We think that under the settled construction of the policy provisions, conditioning payment of the double indemnity, the undisputed facts here

demanded a verdict for defendant. A statement of these policy provisions and facts will, we think, make it clear that this is so.

A part of, and providing additional coverage to that afforded in, an ordinary life policy, double indemnity for death by accident, was promised upon "due proof that such death resulted directly from bodily injury received * * * independently and exclusively of all other causes, and that such bodily injury was effected solely through external, violent and accidental means, * * * provided, that this double indemnity shall not be payable * * * if such death result * * directly or indirectly from bodily or mental infirmity or disease of any sort."

These are the facts. Issued January 18, 1924, the policy, in addition to the ordinary life and the double indemnity benefits, provided for total and permanent disability benefits in the form of a monthly income. In the early part of 1933, the insured, Mrs. Dowling, filed claim on the policy for permanent and total disability benefits as of October 1, 1932, filing in support of her claim, a physician's statement that she was totally disabled as a result of "chronic nephritis, arteriosclerosis and arthritis." This claim was approved. All premiums on the policy, after October 1, 1932, were waived and insured was paid a monthly income of $50 per month from that date to her death on December 30, 1936. On August 16, 1933, medical statements in support of total disability were again furnished by her, the causes given being, "chronic nephritis, arteriosclerosis, chronic multiple arthritis, aural sepsis." In October, 1934, additional statements were furnished showing the same diseases, and also "diabetes mellitus", while those furnished in December, 1935, showed "arteriosclerosis, with hypertension, diabetes mellitus, generalized arthritis, chronic myo-carditis and interstitial nephritis."

As a checkup on these claims of permanent and total disability, the insurer had its medical examiner conduct examinations in May, 1934, and September, 1936. This examiner reported in 1934, that the insured was suffering from diabetes, chronic nephritis and hypertension, and in 1936, about three months prior to her death that, "claimant had retrograded perceptibly since her last examination and was then suffering from advanced cardio-vascular renal disease, chronic diabetes." Matters standing thus, the insured on December 17, 1936, cut her hand by striking it on the kitchen cabinet. No importance was attached to the cut and no doctor or physician was called, until several days later when the hand and arm became infected, and, on December 23, 1936, symptoms of blood stream infection appearing, she was taken to the hospital where she died on December 30, 1936. The causes of death, as shown on the hospital chart, were "diabetes mellitus, septicemia and uremia." Every physician who testified stated that her death was from a combination of causes, diabetes, chronic nephritis with uremia, staphylococcus in the blood stream.

Defendant's physicians testified that while septicemia was present as a contributing cause of her death, it was only a contributing cause, and she did not die as the result of the infection, except as it was contributory to and with the diseases she had had for some years. Plaintiff's physicians in no manner disagreed with this statement. The only difference in the medical testimony was in the emphasis placed, respectively by plaintiff's and defendant's physicians, on septicemia on the one hand, on the diseases on the other. Plaintiff's physicians stated that the blood stream infection made the diabetes and nephritis worse than they were, that is, the infection brought about an immediate precipitation of the diabetes and kidney trouble and that she would not have died at that time if it had not been for the infection. Whereas, defendant's physicians say, that the infection was made worse by the existence of the diabetes and kidney trouble, and that while she probably would not have died at that time except for the infection, she would not have died then, with the infection, but for the preexisting diseases.

Appellees' position on the evidence is, that the testimony of their physicians that the insured would not have died from diabetes if she had not had this infection was sufficient if believed, to rest a verdict on, that the death occurred solely and independently of all other causes, and did not result either directly or indirectly from diseases or bodily ailments. Appellant's position is that, conceding the truth of this testimony, it does not change the unquestioned fact that she died not as a result of septicemia, solely and independently of all other causes, and not directly or indirectly as the result of infirmity or disease, but as the result of septicemia as affected and contributed to by the diseases which had already totally and

permanently incapacitated her, so that, under the policy, she was then drawing monthly benefits. Appellees in support of their position insist that there is a settled judicial construction of policy provisions, such as those at bar, especially in the state of Georgia, that the presence of disease does not prevent recovery for death by septicemia, resulting from accidental injury, where the proof establishes that it was a moving and efficient cause of death, though the presence of the diseases was a contributing factor. Appellant denies that there is any such judicial construction, either generally or in Georgia. It insists that the Georgia cases on which plaintiff relies, particularly, Hall v. General Accident Assurance Corporation, 16 Ga.App. 66, 85 S.E. 600; Thornton v. Travelers' Insurance Company, 116 Ga. 121, 42 S.E. 287, 94 Am.St.Rep. 99, construed a policy with different terms from those at bar, and that Massachusetts Protective Association v. Lewis, 3 Cir., 72 F.2d 952, which construed a policy like this one, went off on peculiar facts, present there and absent here.

These facts are: that at the time of the injury in the Lewis case, the streptococci germs at the base of the insured's tooth, which by the injury were freed, and let loose in his system, were before the injury sealed in, and the insured was not suffering from any disease, but was in good health, while here, the insured was not only suffering from, but was totally and permanently incapacitated by diseases, which had undermined and impaired her constitution and her resistance to infection and its results, and that reasonable minds could not reach any other conclusion under the evidence, than that the injury to her hand, caused her death, not solely and independently of all other causes, but only because its onset was associated and acted with and on the preexisting diseases.

Much has been written in connection with suits of the general nature of this one. The general principles controlling its solution have been laid down with unusual uniformity in State and Federal Courts. For the purpose of this opinon, it will be sufficient to refer to[1] some of the leading ones.

 How the principle is applied in each case depends, of course, upon its particular facts. Indeed, each of these cases, as it addresses itself, first to the court to determine if there is an issue of fact, and next to the jury to determine its solution, turns upon its peculiar facts. In none of the many cases, to which our attention has been drawn, have the facts relied upon to make out a case more clearly, failed to do so, than they do here.

Defendant's motion for an instructed verdict should have been granted. For the error in refusing it, the judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

[1] Ætna Life Ins. Co. v. Ryan, 2 Cir., 255 F. 483; Carpenter v. Connecticut Gen. Life Ins. Co., 10 Cir., 68 F.2d 69; Clarke v. Order of United Commercial Travelers, 5 Cir., 99 F.2d 457; Davis v. Jefferson Standard Life Ins. Co., 5 Cir., 73 F.2d 330, 96 A.L.R. 599; Harrison v. New York Life Ins. Co., 6 Cir., 78 F.2d 421; Korff v. Travelers Ins. Co., 7 Cir., 83 F.2d 45; Mass. Protective Ass'n v. Lewis, 3 Cir., 72 F.2d 952; Ryan v. Continental Casualty Co., 5 Cir., 47 F.2d 472; Thornton v. Travelers' Ins. Co., 116 Ga. 121, 42 S.E. 287, 94 Am.St.Rep. 99; Preferred Accident Ins. Co., of New York v. Combs, 8 Cir., 76 F.2d 775.