## MEEKS *v.* ADAMS LOUISIANA COMPANY *et al.*

DUCKWORTH, Justice. 1. A suit to cancel an oil lease as constituting a cloud upon the title of the petitioner's lands is such a suit as may be removed to the Federal court, where the requisite diversity of citizenship is present and the amount in controversy exceeds $3,000 in value. 28 U. S. C. A. § 41.

2. An averment in a petition for removal that the value of the lands exceeded the jurisdictional amount is insufficient to sustain the jurisdiction of the Federal court, where it appears that the entire value of the lands was not put in controversy by the suit, but that only a mineral lease over the lands was involved. Wetsel *v.* Empire Gas & Fuel Co., 264 Fed. 865.

3. There is no merit in the contention of the plaintiff in error that no value can be placed on the oil lease because she alleged in her petition for cancellation that the lease was void. Whether or not the lease is void as alleged is a matter for determination on the trial of the case; and on a petition for removal of the suit to the Federal court the State court will treat the lease as being valid in determining whether the value of the matter in dispute exceeds $3,000.

4. The jurisdiction of the Federal court depends upon the amount involved in the particular case, without consideration of any contingent loss which may be sustained by either party through the probative effect of the judgment, however certain the occurrence of such loss may be. Elgin *v.* Marshall, 106 U. S. 578 (1 Sup. Ct. 484, 27 L. ed. 249); New

England Mortgage Security Co. *v.* Gay, 145 U. S. 123 (12 Sup. Ct. 815, 36 L. ed. 646).

5. However, in a petition for removal of a suit to cancel an oil lease, it is proper for the lessees to show that by reason of its location with reference to other leases which they hold the lease in question has a value to them in excess of the jurisdictional amount. King *v.* Southern Railway Co., 119 Fed. 1016. The petition for removal in the instant case sufficiently alleged that the value of the matter in dispute exceeded the jurisdictional amount by showing that the lease in question had a value to the lessees in excess of $3,000 by reason of its location near the center of a large tract of land under lease to them.

6. The court did not err in overruling the demurrer to the petition for removal, and in ordering the case removed to the Federal court as prayed.                *Judgment affirmed. All the Justices concur.*

No. 14036.  MARCH 11, 1942.  REHEARING DENIED MARCH 30, 1942.

*Heath & Heath,* for plaintiff.
*Blalock & Blalock,* for defendants.

ON MOTION FOR REHEARING.

DUCKWORTH, Justice. The motion for a rehearing asserts that syllabus 3 of the opinion overlooks paragraph 4 of the lease involved, which was attached as an exhibit to the plaintiff's petition, which contains the following provision: "If operations for drilling are not commenced on said lands on or before 24 months from this date, the lease shall then terminate as to both parties, unless, on or before the expiration of the said 24 months, lessee shall pay or tender to lessor or to the credit of lessor  .  .  the sum of five cents per acre for the number of acres then covered by this lease and not surrendered as hereinafter provided, which shall cover the privilege of deferring commencement of drilling operations for a period of 12 months," the lease providing further that for five cents per acre the commencement of drilling may be further deferred for

successive periods of 12 months each during the primary term. It is insisted that these provisions show that the lease has terminated, and that the burden is upon the lessee to show that the conditions stated have been met. This argument overlooks section 2 of the lease, which provides: "Subject to the other provisions herein contained, this lease shall be for a term of ten years from this date (called primary term), and so long thereafter as oil, gas, and other minerals are produced from said lands hereunder." It is obvious that the lease is for a term of ten years and as long as oil, gas, and other minerals are produced from the land, and the requirements of drilling and payment of rentals are conditions subsequent; and the burden is upon the lessor to show that these conditions have not been satisfied.

The motion for rehearing further assails the ruling made in syllabus 5 of the opinion, and contends that the case there cited does not support the ruling made. The test as to the amount in controversy in a case of this type, where the plaintiff's petition shows no value, is the value of that which the defendant will lose if the plaintiff prevails; and the decision cited supports this ruling, which is also supported by the following cases: Smith v. Adams, 130 U. S. 167 (9 Sup. Ct. 566, 32 L. ed. 895); Elliott v. Empire Natural Gas Co., 4 Fed. 2d, 493; Cowell v. City Water Supply Co., 121 Fed. 53.