OVERSTREET *et al. v.* SHULMAN.

No. 15571. SEPTEMBER 6, 1946.

280

*Gambrell & While, James S. Wilson Jr., Q. L. Bryant,* and *M. C. Barwick,* for plaintiffs in error.

*Maurice Steinberg,* contra.

WYATT, Justice. (After stating the foregoing facts.) ■ The sole question presented is whether or not this case is one which is removable to the Federal court. On this question several contentions are made by the plaintiffs in error, these contentions, according to the bill of exceptions, having been urged before the trial court by both written and oral objections. First, it is insisted by the plaintiffs in error that the instant case is not a controversy which involves a sum in excess of $3000.

In 28 U. S. C. A., § 71, as to the removal of suits from State courts, it is provided: "When in any suit mentioned in this section there shall be a controversy which is wholly between citizens

of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." In 28 U. S. C. A., § 41, it is provided that the matter in controversy must exceed, exclusive of interest and costs, the sum of $3000. The matter in dispute is as defined in Smith v. Adams, 130 U. S. 167 (9 Sup. Ct. 566, 32 L. ed. 895) : "'By the matter in dispute,' as that phrase is used in the statutes conferring jurisdiction on this court, is meant the subject of litigation, the matter upon which the action is brought and issue is joined, and in relation to which, if the issue be one of fact, testimony is taken; and its pecuniary value may be determined not only by the money judgment prayed, but, in some cases, by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment." See also *National Linen Service Corp.* v. *Parks,* 182 *Ga.* 350, 353 (185 S. E. 349).

"When a petition for the removal of a case from a State court to a circuit court of the United States appears to have been filed in due time and is accompanied with a proper bond as required by the act of Congress, the only question left for the State court to determine is whether the right of removal appears on the face of the petition and record. If it does, the power of the State court over the case has ended, and it has no jurisdiction to try and determine an issue of fact made on such petition; such issues can only be tried in the United States court." *Southern Ry. Co.* v. *Hudgins,* 107 *Ga.* 334 (33 S. E. 442).

While agreeing with the contention of the plaintiffs in error that a mere averment in the petition for removal that the sum in controversy exceeds $3000 would not be conclusive upon the trial court as to the sum in dispute, and it would be the duty of the trial court to consider the petition for removal, taken in connection with the record, in determining the amount in dispute, we can not agree that a consideration of the petition for removal and the record in the instant case fails to show that the matter in dispute exceeds the sum of $3000.

In the petition for removal it is averred: "The matter in dispute exceeds the sum of $3000, exclusive of interest and costs,

said suit being to dissolve a partnership wherein defendant is claiming $3650 for salary and money expended in behalf of the partnership and is claiming one-half of the value of the property in excess of $25,000, under the terms of a contract of partnership, as shown by defendant's answer." The record does not contradict these allegations. The equitable petition filed by the plaintiffs sought a dissolution of a partnership and the appointment of a receiver. While no judgment for a specific amount is prayed against the defendant, the plaintiffs did pray "that a dissolution of said partnership be had and the rights of all parties fixed by proper decree." A receiver was appointed and the partnership assets sold for $35,000. By his answer the defendant sought to recover a judgment for $3600 for salary and for money expended in behalf of the partnership. He alleged that the partnership assets were worth $75,000; that under the partnership agreement, which was attached to the petition, he was, when the sum of $25,000 had been repaid the plaintiffs, entitled to one-half the profits made by the partnership; and that he had a substantial interest in the partnership business.

Whether the partnership assets are worth $35,000, for which they were sold by the receiver, or whether they are worth $75,000 is immaterial. Neither this court nor the court below has a right to pass upon issues of fact on the application for removal to the Federal court. The question is: Do the petition for removal and the record show a matter in dispute exceeding $3000? We think so. "The test as to the amount in controversy in a case of this type, where the plaintiff's petition shows no value, is the value of that which the defendant will lose if the plaintiff prevails." *Meeks* v. *Adams Louisiana Co.*, 193 *Ga.* 680, 684 (19 S. E. 2d, 526). It being alleged in the petition for removal that the sum in controversy exceeds $3000, which allegation is sustained by the record, we find no merit in the contention urged by the plaintiffs in error.

■ It is contended that the defendant has submitted to the jurisdiction of the State court and has waived his right of removal by reason of the following facts: The defendant filed an answer in which he sought affirmative relief. He made no objection to the appointment of a permanent receiver, and he agreed to a resale of the partnership property for the sum of $35,000. He sought and secured an increase in the receiver's bond.

We find no merit in this contention. In *Franklin* v. *Wolf*, 78 *Ga.* 446 (3 S. E. 696), this court said: "Where, upon the filing of a bill in equity and before the first term of the court thereafter, a temporary injunction was granted and a temporary receiver appointed, but upon motion of the defendants, the receiver was discharged upon the giving of bond by the defendants, conditioned to pay the complainant the condemnation money in the case; and where, also before the first term of the court, the chancellor required the complainant to answer for any damages that the defendants might incur by reason of the institution of the suit, these proceedings were merely preliminary or ancillary to the main cause of action, and did not amount to such a trial of the case, as would prevent the complainant, who was a nonresident, from proceeding at the first term of the court, before any trial of the case had been entered on, to remove it to the Circuit Court of the United States."

In Atlanta, Knoxville & Northern Ry. Co. *v.* Southern Ry. Co., 131 Fed. 657, the court said: "The filing by a defendant in a State court of an answer and a motion supported by affidavits, for the dissolution of a preliminary injunction or restraining order which had been granted ex parte, and the hearing of such motion on ex parte affidavits by the judge in chambers, where he had no power to determine any question on the merits, do not preclude the defendant from removing the cause, where his petition therefor was presented before the time when by the laws of the State or the rules of the court he was required to plead. . . A defendant should not be deprived of his constitutional and statutory right to a trial in a court of the United States upon the ground of a waiver unless a clear case of intent to submit and have a hearing in the State court is made to appear. The mere filing of any answer or plea or any other defense before it is due under the law or rule of the State court is not inconsistent with the subsequent removal of the case. The premature filing of a defense is in no sense a trial or hearing, and is not conduct establishing a waiver of the right to remove. The statute does not require the petition to be filed before any defense is filed, but only before the time when the first defense is required to be filed." See also Sidway *v.* Missouri Land & Livestock Co., Ltd., 116 Fed. 381; Cella, Adler & Tilles *v.* Brown, 136 Fed. 439; Whiteley Malleable Castings Co. *v.* Sterlingworth Ry. Supply Co., 83 Fed. 853.

It will be seen that, where a petition for removal is filed before the time fixed by the statutes or rules of the State court for the interposition of an answer, the filing of an answer by the defendant before it is due, or his appearance or participation in hearings on preliminary motions regarding injunctions, receivers, and other provisional matters, will not amount to a waiver of his right to removal.

■ Finally, it is urged that the bond accompanying the petition for removal is insufficient to warrant a removal. The sole argument advanced on this point is as follows: "The defendant limited the amount of his bond to the penal sum of $100. It is entirely possible and probable that the costs will exceed this sum. The defendant has no right to limit his bond in that sum."

The contention is without merit. 28 U. S. C. A., § 72, does not provide for the giving of a bond in a penal sum but provides that there shall be filed with the petition for removal a bond "for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto." The bond in the instant case stated a penal sum, and provided that "the condition of this obligation is such that if the said principal shall file in the District Court of the United States for the Southern District of Georgia, Augusta Division, within thirty days from the date of filing said petition, a certified copy of the record in such action, and shall pay all costs that may be awarded by said district court, if said court shall hold that such suit was wrongfully or improperly removed thereto, then this obligation shall be null and void, otherwise of full force and effect.'"

It has many times been held that although the statute says nothing of a penal sum, the naming of a penal sum will not invalidate the bond if the obligations stated in the bond conform to the provisions of the statute. See Kentucky v. Louisville Bridge Co., 42 Fed. 241; Groton Bridge &c. Co. v. American Bridge Co., 137 Fed. 284. Clearly in the instant case the obligations stated in the bond conform to the provisions of the statute.

The bond has had the approval of the trial court. We can not

say as a matter of law that the penal sum provided for is insufficient to cover the costs.

*Judgment affirmed. All the Justices concur.*