36219. INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY *v.* CAUSBY.

DECIDED JULY 5, 1956—REHEARING DENIED JULY 17, 1956.

*Matthews, Maddox, Walton & Smith,* for plaintiff in error.
*John D. Edge,* contra.

QUILLIAN, J. The defendant contends that the pleadings show that the death was not caused directly, and independently of all other causes, from bodily injury effected solely through external, accidental means, but from a physical impairment which would bring the cause of death within one of the exceptions under the

policy. Under the provisions of the policy, if the physical impairment of the deceased contributed to the fall in whole or in part, directly or indirectly, then there could be no recovery; but if the physical impairment did not contribute to the fall but merely aggravated the consequences of the accident, recovery would not be barred. *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 121, 124 (42 S. E. 287, 94 Am. St. R. 99) ; *Harris* v. *Metropolitan Life Ins. Co.*, 66 *Ga. App.* 761 (19 S. E. 2d 199) ; *Inter-Ocean Casualty Co.* v. *Scott*, 91 *Ga. App.* 311, 316 (85 S. E. 2d 452).

There was attached to the petition as Exhibit "B" a certificate of death which the plaintiff alleged was proof of the cause of her husband's death. It contained the following clause: "22. Cause of death. I. Disease or condition directly leading to death (a) Cerebral hemorrhage injury to head caused, due to (b), by fall. Antecedent causes. Morbid conditions, if any, giving rise to the above cause (a) stating the underlying cause last. Due to (c) chronic rheumatoid arthritis."

This court is constrained to hold that the plaintiff affirmatively alleged that chronic rheumatoid arthritis contributed to the death of the insured but was not the disease or condition directly causing his death. The only inference this court can draw from the above-quoted portion of the death certificate is that chronic rheumatoid arthritis is what caused the insured to fall and that the fall in turn caused a cerebral hemorrhage which resulted in his death. Rheumatoid arthritis being a physical infirmity which contributed directly to the fall which resulted in the insured's death, there could be no recovery under the double-indemnity clause of the policy issued him. The trial judge erred in overruling the general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*