## 36473. PRUDENTIAL INSURANCE COMPANY of AMERICA *v.* KELLAR.

Decided March 4, 1957—Rehearing denied March 19, 1957.

334

*Paul F. Akin, Warren Akin, Spalding, Sibley, Troutman, Meadow & Smith, Griffin B. Bell, Harry C. Howard, Jr.,* for plaintiff in error.

*Pittman & Greene,* contra.

TOWNSEND, J. The prima facie cause of death as shown by the death certificate may be paraphrased as follows: "The condition which directly produced the death was a myocardial infarction. The fracture of the femur (direct result of plaintiff's

accident) contributed to the death, but was not related to the myocardial infarction which brought about the death." In his testimony the medical witness stated: "I do not believe that the accident and subsequent surgery was the cause of the heart attack, but in my opinion it was certainly an aggravating factor both in the attack and in its course. · . . As to what, if anything, with relationship to the traumatic injuries which Mr. Kellar received, and the subsequent flaring up of his heart condition; well, such an injury as that, of course, will test a man's heart, going through the shock and all that, of course, requires more work on the heart, and the shock that he had naturally overworked it. As to whether or not the subsequent complications from injuries received to his hip could have any bearing upon his heart condition and the heart attack that he subsequently had; well, it could have. Mr. Kellar's heart trouble did not have anything to do with the injuries he received in the automobile accident. As to whether or not, in my opinion, the injuries that Mr. Kellar received by reason of being struck by an automobile, would precipitate a chain of events which would give rise to coronary thrombosis as the direct cause of his death; well, it could have. The heart trouble that Mr. Kellar had was not the sole cause of his death."

The issue for decision, construing the evidence in favor of the verdict, may be thus stated: Where an insured has a pre-existing diseased condition not necessarily fatal, and thereafter has an accidental injury not fatal in character, and thereafter dies of the disease because of the shock effect of the accidental injury reacting unfavorably upon the diseased condition, does the exclusion clause in the policy above quoted preclude recovery? In *Inter-Ocean Casualty Co.* v. *Scott,* 91 *Ga. App.* 311 (85 S. E. 2d 452) the policy also contained the provision "resulting solely from bodily injuries effected directly and independently of all other causes through accidental means" and excluded injuries "caused wholly or partly by bodily or mental infirmity." In that case recovery was allowed where an insured, convalescing from a broken leg which constituted the accidental injury, was seized with an attack of gallstones, a pre-existing bodily infirmity aggravated by the result of the accidental injury, and thereafter

died. The decision in the *Scott* case was predicated on *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 121, 122 (42 S. E. 287, 94 Am. St. R. 99) and on *Hall* v. *General Accident Assur. Corp.*, 16 *Ga. App.* 66 (85 S. E. 600). The former of these cases concerned a policy insuring against bodily injury effected "through external, violent, and accidental means . . . independently of all other causes" and excluded injuries "resulting wholly or partly, directly or indirectly, from hernia." In that case the insured, who had a pre-existing reducible hernia, suffered accidental injury which caused the hernia to become strangulated. Recovery was allowed, and the *Scott* case, 91 *Ga. App.* 311, 317, speaking of the *Thornton* case, has the following to say: "From what is held in the *Thornton* case, the conclusion is inescapable that, in order for the disease to be held a contributing cause of the insured's death within the meaning of the policy clause, it must appear that the disease caused the injury to which the insured succumbs. It is under the concept of the Supreme Court as expressed by Justice Cobb that the insured's beneficiary is not debarred from recovery *because an injury caused solely by an accident, together with mental or physical infirmity, brought about the insured's death.*" (Emphasis added.) Cases directly in point with this concept of the meaning of such an exclusionary clause are *Johnson* v. *Aetna Life Ins. Co.*, 66 *Ga. App.* 629 (18 S. E. 2d 777), where recovery was denied, it appearing that the insured fell *because of* a pre-existing paralytic condition, although the injuries caused by the fall resulted in his death, and *Independent Life & Acc. Ins. Co.* v. *Causby*, 94 *Ga. App.* 305 (94 S. E. 2d 388), where a pre-existing injury also caused a fall. Also, recovery was denied in *Pilot Life Ins. Co.* v. *Morgan*, 94 *Ga. App.* 394 (94 S. E. 2d 765) where there was an exclusion for injury by "hernia of any kind, *however caused*" although the hernia resulted from accidental injury, the exclusion being comprehensive in character, and therefore excluding even hernias caused by accidental injury. Recovery was also denied in *Metropolitan Casualty Ins. Co.* v. *Reese*, 67 *Ga. App.* 628 (21 S. E. 2d 455), but that case is distinguishable in at least two particulars—the injury was not shown on the death certificate as even a contributing cause of death, and there was no opinion

evidence that the accident would accelerate or aggravate the injury or hasten the death. This coincides with the rule as restated in the *Causby* case, 94 *Ga. App.* 305, 306: "Under the provisions of the policy, if the physical impairment of the deceased contributed to the [injury] in whole or in part, directly or indirectly, then there could be no recovery; but if the physical impairment did not contribute to the [injury] but merely aggravated the consequences of the accident, recovery would not be barred." Also, as stated in the *Scott* case, 91 *Ga. App.* 311, 317, "The real meaning of a clause such as is contained in the policy in the case at bar, given reasonable interpretation, means no more than that the disease must be shown to have been the proximate and not simply one of the causes of the insured's death . . . that any other construction would result in the practical impossibility that any man be insured against death resulting from accident by a policy containing a clause providing that the insured's death must result solely from accident and independently of disease . . . that no man is entirely well, and where one is injured, unless he die immediately, some disease or physical disorder existing in his system will to some extent contribute to its fatality."

There was in the present case sufficient evidence to authorize the jury to find that the automobile injury sustained by the insured, which resulted in a broken hip and other disabilities, with the shock resultant therefrom, aggravated and accelerated the insured's heart and circulatory condition and thus brought on his death. Under the rules of law set forth above this condition would not preclude recovery, provided the bodily infirmity did not in any way act as a causative factor in the injury received. Accordingly, it was not error for the court to charge, as set out in the 4 special grounds of the amended motion for a new trial, that disease may aggravate the consequences of injuries and make them more serious than they would otherwise have been without precluding recovery; that "the real meaning of a clause such as is contained in the policy, . . . given reasonable interpretation, means no more than that the disease must be shown to have been the proximate and not simply one of the causes of . . . death"; that if the accident produced the death, or con-

338

tributed to or accelerated it, the defendant would be liable, but if the deceased died from heart disease not aggravated or accelerated by the accident the insurer would not be liable. These excerpts were authorized by the evidence, and are in the language of the *Scott* and *Hall* cases, supra. Evidence that the accidental injury might "precipitate a chain of events which would give rise to coronary thrombosis as the direct cause of death" is sufficient to authorize an inference that, by precipitating, it accelerated such chain of events. Accordingly, there was no error in denying the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*